IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM KAPTON,<br>    Plaintiff,<br><br>    vs.<br><br>OHIO CASUALTY INS. CO., INC.,<br>MICHAEL J. RADLE and JULIE<br>CLERKIN,<br>    Defendants. | Civil Action No. 2:14-69 |

## MEMORANDUM OPINION

ROBERT C. MITCHELL, United States Magistrate Judge.

### I. INTRODUCTION

Presently for disposition is Plaintiff's, William Kapton's, Motion to Remand [ECF No. 10]. For the following reasons, Plaintiff's motion is hereby granted and the case will be remanded back to state court in accordance with 28 U.S.C. § 1447(c).[1]

### II. BACKGROUND

This case was originally commenced in the court of common pleas of Beaver County, Pennsylvania and removed to this Court pursuant to 28 U.S.C. § 1441. Plaintiff, William Kapton, is a citizen of Pennsylvania who was involved in a motor vehicle accident on May 5, 2011 on Pennsylvania Turnpike, State Highway 43. On May 5, 2011, Plaintiff was operating a bucket truck for his employer on the west berm of the southbound lane of Highway 43. He was struck by a Ford Explorer that travelled partially off of the travel lane and struck the rear of the

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore, the Court has authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636 *et seq.*; Consent to Trial/Jurisdiction by United States Magistrate Judge by William Kapton [ECF No. 8]; Consent to Trial/Jurisdiction by United States Magistrate Judge by Julie Clerkin, Ohio Casualty Insurance Company, Inc. and Michael J. Radle [ECF No. 9].

1

bucket truck occupied by Plaintiff, resulting in substantially serious and permanent injuries to Plaintiff.

Defendant, Ohio Casualty Insurance Company ("Ohio Casualty"), is an insurance company licensed in Pennsylvania, and is a New Hampshire Corporation with its principal place of business located in Massachusetts in which Plaintiff's company holds a commercial fleet automobile insurance policy with. Defendants Michael J. Radle and Julie Clerkin were claims representatives employed by Ohio Casualty to handle underinsured motorist claims, and were charged with handling plaintiff's motor vehicle accident.[2] Apparently, while the handling of Plaintiff's claim was originally within Defendant Radle's responsibility, Plaintiff's claim was later delegated to Defendant Clerkin.

Plaintiff seeks damages in connection with an underinsured motorist claim for his injuries sustained. At the time of the accident, the tortfeasor was insured with a bodily injury limitation of $100,000.00 and Plaintiff was paid the applicable policy limits by the tortfeasor's insurance company. Plaintiff argues that the tortfeasor's bodily injury policy limits were inadequate to compensate Plaintiff for his injuries and he seeks to invoke coverage under Ohio Casualty's underinsured motorist provision.

Plaintiff claims that Ohio Casualty failed to pay any underinsured motorist benefits, and failed to do so in bad faith. He also claims that

> Defendants Radle and Clerkin ignored Plaintiff's documented damages, did not evaluate the claim or make any offer of settlement, did not communicate with the Plaintiff, conducted an inadequate, unfair, nonobjective and unreasonable investigation of the claim, refused to provide the Plaintiff a copy of his policy, and forced the Plaintiff to litigate his UIM claim despite the fact that Ohio Casualty's obligation to pay UIM benefits was reasonably clear. [Plaintiff also alleges] that Defendant Clerkin intentionally

---

[2] The term "Defendants" used in this opinion refers to only Defendants Radle and Clerkin, as they are the only subjects of the instant motion for remand.

> delayed, dissuaded, obstructed or otherwise improperly handled the Plaintiff's UIM claim.

Mot. for Remand [ECF No. 10] at ¶ 13.

The complaint was removed to this court on January 16, 2014 alleging four claims: (1) a breach of contract against Ohio Casualty Insurance Company, (2) a violation of the Pennsylvania bad faith statute, 42 Pa.C.S.A. § 8371, et al. against Ohio Casualty Insurance Company, (3) a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. against Michael J. Radle, and (4) a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq*. against Julie Clerkin. *See* Compl. [ECF No. 1-2] at 5, 10, 18, 20.

Defendants removed this action pursuant to 28 U.S.C. § 1332 and allege that Defendants Radle and Clerkin were fraudulently joined and that all other parties are diverse for jurisdictional purposes because Plaintiff cannot state a claim against Defendants Radle and Clerkin. Plaintiff claims that removal was improper because this court does not have jurisdiction over the matter and the matter should be remanded to state court. Specifically, Plaintiff alleges that the following constitutes misfeasance under the UTPCPL on behalf of Defendant Radle:

> Ignored documentation of Plaintiff's damages provided on August 3, 2012; [f]ailed to evaluate Plaintiff's claim for underinsured motorist benefits; [f]ailed to communicate with Plaintiff concerning his claim for underinsured motorist benefits; [c]onducted an inadequate, unfair, dilatory, nonobjective, and unreasonable investigation of the Plaintiff's underinsured motorist claim; [f]ailed and refused to provide a copy of the insurance policy in effect on the date of the accident to the insured . . . after request for same; and [f]orced the Plaintiff to litigate his underinsured motorist claim when the insurer's liability to pay underinsured motorist benefits under the policy had become reasonably clear.

*Id*. at ¶ 61. Additionally, Plaintiff alleges that the following constitutes misfeasance under the

UTPCPL on behalf of Defendant Clerkin:

> Ignored and refused to consider documentation of Plaintiff's damages provided on August 3, 2012 and May 31, 2013; [f]ailed to evaluate Plaintiff's claim for underinsured motorist benefits and did not make any offer of settlement; [f]ailed to communicate with the Plaintiff concerning his claim for underinsured motorist benefits; [c]onducted an inadequate, unfair, dilatory, nonobjective, and unreasonable investigation of the Plaintiff's underinsured motorist claim; [f]ailed and refused to provide a copy of the insurance policy in effect on the date of the accident to the insured . . . after multiple requests to do so; [f]orced the Plaintiff to litigate his underinsured motorist claim when the insurer's liability to pay underinsured motorist benefits under the policy had become reasonably clear[;] and [i]n intentionally delaying, dissuading, obstructing or otherwise improperly handling Plaintiff's underinsured motorist claim.

*Id.* at ¶ 69.

Defendants argue that a remand is inappropriate because the conduct complained of does not give rise to misfeasance, but rather constitutes nonfeasance which is not actionable under the UTPCPL.

### III. ANALYSIS

#### A. *Diversity Jurisdiction, 28 U.S.C. § 1332*

A defendant has a statutory right to remove a civil action from state court if the claims brought by plaintiff could have been originally brought in federal court. *See* 28 U.S.C. § 1441(a). Under the statutory scheme, if the defendant removes to federal court based upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Here, Plaintiff and Defendants Radle and Clerkin are all citizens of Pennsylvania, therefore the court only has jurisdiction over this case if they were fraudulently joined.

4

*B. Fraudulent Joinder*

Fraudulent joinder is an exception to the requirement that removal be "predicated solely upon complete diversity." *Briscoe*, 448 F.3d at 215. Where, on the face of the state court complaint, the parties are not diverse, the defendant may still remove the case to federal court if it can show that the non-diverse defendant was added to the action solely for the purposes of defeating diversity jurisdiction. *Id*. If the court finds that the defendant was fraudulently joined, it can "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, and thereby retain jurisdiction." *Id*. (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted)). The removing party carries a heavy burden of proof to show fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992). Contrarily, if the district court determines that it does not have subject matter jurisdiction because joinder of the defendant in question was not fraudulent, the district court must remand the case to state court. 28 U.S.C. 1447(c). [R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff*, 977 F.2d at 851-52. Additionally, where a case is remanded for failure to find fraudulent joinder, the district court may require the "payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal." *Id*.

In considering a motion for remand, the district court must adhere to certain guidelines:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a **possibility** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court **must find that joinder was proper** and remand the case to state court. . . . In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must

5

> assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of plaintiff.

*Batoff*, 977 F.2d at 851-52 (emphasis added) (citations omitted). Importantly, a district court must refrain from conducting a merits analysis because such a determination "must be left to the state court" to determine. *Briscoe*, 448 F.3d at 218. A district court must not find that a defendant's joinder is fraudulent "[s]imply because [the district court has] come to believe that, at the end of the day, a state court could dismiss the allegations against a defendant for failure to state a cause of action." *Lyall v. Airtran Airlines, Inc.*, 109 F.Supp.2d 365, 367-68 (E.D.Pa. 2000). Fraudulent joinder is found only where the plaintiff's claims are "wholly insubstantial and frivolous," *Batoff*, 977 F.2d at 852 (citations omitted), and is "reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility." *West v. Marriot Hotel Servs., Inc.*, 2010 WL 4343540, at *3 (E.D.Pa. Nov. 2, 2010)

The contention between the parties is simple: Plaintiff argues that Defendant acted with misfeasance in improperly handling his underinsured motorist claim, and states a claim under the UTPCPL,[3] while Defendants argue that their conduct in allegedly mishandling of Plaintiff's claim may rise to the level of nonfeasance, not misfeasance, and nonfeasance is not actionable under the UTPCPL. Defendants therefore argue that their joinder was fraudulent because the UTPCPL claims against them are not colorable, and are frivolous.

The Pennsylvania UTPCPL prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201-3. "Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers an

---

[3] Plaintiff cites the following cases for this proposition: *Ozanne v. State Farm Mutual*, 2011 WL 1743683 (W.D.Pa. May 5, 2011); *Grossi v. Travelers Ins. Co.*, 2010 WL 483797 (W.D.Pa. Feb. 5, 2010); *Kenia v. Nationwide Mutual Ins. Co.*, 2008 WL 220421 (M.D.Pa. Jan. 25, 2008); *Thomas v. Nationwide Mutual Ins. Co.*, 2005 WL 2021132 (M.D.Pa. Aug. 15, 2005); *Fenkner v. Nationwide Mutual Ins. Co.*, 2005 WL 1172642 (M.D.Pa. May 18, 2005).

ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful" by the statute, may bring a private cause of action. 73 P.S. § 201-9.2(a).

Of the twenty-one deceptive acts and practices set forth in the UTPCPL, Plaintiff alleges that Defendants engaged in the following four unfair or deceptive acts or practices under the UTPCPL:

> (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
> . . .
> (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have or that a person has a sponsorship, approval, status affiliation or connection that he does not have;
> . . .
> (xiv) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to, or after a contract for the purchase of goods or services is made;
> . . .
> [and]
>
> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

73 P.S. §§ 201-2 (ii), (v), (xiv), (xxi); Pl.'s Reply [ECF No. 14] at 2.

This court in *Grossi v. Travelers Ins. Co.,* has noted that it is proper to remand a case involving a UTPCPL claim against an insurance adjuster where the defendant argues that the adjuster's conduct amounted to nonfeasance, while the plaintiff argued the adjuster's conduct amounted to misfeasance:

> "Misfeasance" is the improper performance of a contractual obligation, and could include a "reckless mistake." Misfeasance may exist, for example, if an insurer conducted a post-loss investigation in an unfair or unreasonable manner. To delve further into this issue would require an assessment of the merits of Plaintiff's claim, or an analysis similar to that triggered by Rule

7

> 23(b)(6) which applicable law precludes. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Grossi v. Travelers Ins. Co.*, 2010 WL 483797, at *2 (W.D.Pa. Feb. 5, 2010) (internal citations omitted).

The same reasoning applies here. Defendants argue that their conduct may give rise to nonfeasance, but not misfeasance as Plaintiff suggests. For the court to make a determination whether Defendants' conduct rose to the level of misfeasance would be improperly be invoking an assessment of the claim under Rule 12(b)(6), or a merits determination, which is prohibited by applicable case law at this juncture. Because misfeasance, for purposes of the UTPCPL, may exist where an adjuster conducts or fails to conduct a post-loss investigation in an unfair or unreasonable manner, there is a possibility that the state court would find that Plaintiff's complaint states a cause of action against either of the insurance adjusters. The Defendants have not met its substantial burden of persuading this court that they have been fraudulently joined for the sole purpose of divesting this court of subject matter jurisdiction. Accordingly, the court finds that the defendant insurance adjusters were not fraudulently joined in this action and no diversity of citizenship exists. Therefore, this case must be remanded to state court. Additionally, the court finds that assessing costs on Defendants is inappropriate and each party is to bear its own costs.

## IV. CONCLUSION

For the foregoing reasons, the court finds that Defendants have not demonstrated that Plaintiff fraudulently joined Defendants Radle and Clerkin in an effort to destroy diversity of citizenship among the parties. Therefore, Plaintiff's Motion for Remand is granted. An

appropriate Order follows.

By the Court,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc:    Keith R. McMillen, Esq.
       Kelly M. Tocci, Esq.
       Patricia A. Monahan, Esq.
       William C. Foster, Esq.

*(via CM/ECF Electronic Mail)*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM KAPTON,<br>    Plaintiff,<br><br>    vs.<br><br>OHIO CASUALTY INS. CO., INC.,<br>MICHAEL J. RADLE and JULIE<br>CLERKIN,<br>    Defendants. | Civil Action No. 2:14-69 |

**ORDER OF COURT**

AND NOW, this 17th day of April, 2014, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's, William Kapton's, Motion for Remand [ECF No. 10] is GRANTED;

IT IS FURTHER ORDERED that this action is remanded to the Court of Common Pleas of Beaver County, Pennsylvania forthwith, each party to bear its own costs.  The clerk shall send a certified copy of this Order to the Court of Common Pleas of Beaver County Pennsylvania in accordance with 28 U.S.C. § 1447(c) and docket this case CLOSED.

                                                      s/Robert C. Mitchell
                                                      ROBERT C. MITCHELL
                                                      United States Magistrate Judge